```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/7/2024
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
STEPHEN YANG,

                        Plaintiff,

     -v-

TOWNSQUARE MEDIA, INC.,

                       Defendant.
------------------------------------------------------------X

**ORDER**

24-CV-3841 (VM) (HJR)

**HENRY J. RICARDO, United States Magistrate Judge.**

In this copyright infringement action, defendant Townsquare Media, Inc., ("Townsquare") has moved via letter motion to limit discovery under Federal Rule of Civil Procedure 26(c)(1)(A). Specifically, it requests a stay of discovery outside the "narrow question of the licensing relationship between Plaintiff Stephen Yang ('Plaintiff') and the *New York Post* with regard to the photograph at issue in this case." Yang opposes this motion. For the reasons set forth below, Townsquare's motion is **DENIED.**

**I.    LEGAL STANDARD**

A district court has the discretion, for "good cause" shown, to stay discovery or to issue a protective order limiting discovery to certain issues. Fed. R. Civ. P. 26(c); *Bachayeva v. Americare Certified Special Servs., Inc.*, No. 12-CV-1466 (RRM) (SMG), 2013 WL 4495672, at *4 (E.D.N.Y. Aug. 20, 2013); *see also Rouviere v. Depuy Orthopaedics, Inc.*, No. 18-CV-4814 (LJL) (SDA), 2020 WL 2999229, at *2 (S.D.N.Y. June 3, 2020) ("a district court has broad latitude to determine the scope of

1

discovery and to manage the discovery process"). The party seeking to limit discovery has the burden to show good cause. *See, e.g., John Wiley & Sons, Inc. v. Book Dog Books, LLC*, 298 F.R.D. 184, 186 (S.D.N.Y. 2014).

## II.  FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff Yang is a professional photographer. Complaint ("Compl.") ¶ 10. On April 17, 2022, Yang published a photograph of a New York City street (the "Photograph") for which he holds a copyright registration. *Id.* ¶¶ 14, 17; Compl. Ex. 1. Yang licensed use of the Photograph to the *New York Post*. *Id.* ¶ 15.

Townsquare operates the website for a New York radio station, WYRK 106.5. Without obtaining Yang's express permission, Townsquare displayed the Photograph on the WYRK 106.5 website. *Id.* ¶¶ 30–31. Townsquare's display of the Photograph led to the instant copyright infringement suit.

On October 3, 2024, Townsquare moved to limit discovery. Letter Motion to Stay Discovery Except Limited Discovery ("Def. Letter"), Dkt. No. 22. Plaintiff filed his letter in opposition on October 7, 2024. Letter Response in Opposition to Motion ("Pl. Opp."), Dkt. No. 23. On October 8, 2024, Townsquare filed its reply. Letter Reply to Response to Motion ("Def. Reply"), Dkt. No. 25. This motion was referred to Judge Lehrburger on October 21, 2024, Dkt. No. 25, and was reassigned to me on October 22, 2024.

## III.  ANALYSIS

Townsquare contends that the *New York Post*, Yang's licensee, posted the Photograph on Twitter, a social media site that is now known as X. Def. Letter at 1. Townsquare further claims that it was authorized to embed this posting of the

Photograph on its website through a combination of Twitter's Terms of Service and its Developer Agreement and Developer Policy. *Id.* at 2. As articulated by Townsquare, "[i]f the *New York Post* had a valid license to post the Photograph to Twitter/X, then, under Twitter/X's Terms of Service, Townsquare had a license to embed it and Plaintiff's claim can be decided as a matter of law with no further discovery." *Id.* at 1. Townsquare therefore concludes that the "*only* factual question is whether Plaintiff licensed the Photograph in question to the *New York Post*, and if so, whether that license allowed the *New York Post* to post the Photograph on social media and thereby enter into licenses granted under Twitter/X's Terms of Service." *Id.* Townsquare plans to move for early summary judgment that its publication of the Photograph was licensed, although it reserves the right to raise other arguments on this anticipated motion. *Id.* at 1, n.2. Townsquare does not describe these other arguments, but this reservation of rights suggests that the merits of the case could depend on more than just the terms of Yang's license to the *New York Post*.

While Townsquare might ultimately prevail on its defense that it had a valid sublicense from Twitter to embed the Photograph, it is premature to determine that Townsquare's sublicence from Twitter/X is so well-established that discovery should be limited to Yang's license to the *New York Post*. Indeed, Townsquare has not cited any case in which a copyright defendant demonstrated that it had an analogous sublicense from a social media platform. In contrast, Yang has identified several decisions from this District where similar arguments were unsuccessful, albeit in

3

disputes involving different social media companies with different terms of service. Pl. Opp. at 2; *see T. Eric Monroe v Buzzfeed, Inc.*, No. 23-CV-06234 (CM), 2024 WL 4350964, at *3-4 (S.D.N.Y. Sept. 30, 2024); *Sinclair v. Ziff Davis, LLC,* No. 18-CV-790 (KMW), 2020 WL 3450136, at *1 (S.D.N.Y. June 24, 2020); *McGucken v. Newsweek LLC*, 464 F. Supp. 3d 594, 604 (S.D.N.Y. 2020). These decisions suggest that careful scrutiny of the applicable terms and policies is required before a court can determine whether a given publication is authorized.

Here, Townsquare's argument rests on a key assertion: the Twitter/X terms of service licensed it to embed the Photograph on its website. Yang is entitled to discovery to test this assertion. Townsquare has provided, and the Court can take judicial notice of, Twitter/X's terms of service. *See Force v. Facebook, Inc.*, 934 F.3d 53, 59, n.5 (2d Cir. 2019) (finding that Terms of Service and Community Standards available on Facebook's website were subject to judicial notice); *McGucken v. Newsweek LLC*, 464 F. Supp. 3d 594, 600, n.2 (S.D.N.Y. 2020) (taking judicial notice of Instagram's Terms of Use attached to attorney declaration describing their availability on Instagram's website). But the evidence Townsquare offers to show its sublicense is an unauthenticated Developer Agreement and Policy apparently obtained from Archive.org's Wayback Machine. Def. Letter Ex. B at 2. The authenticity and applicability of this Developer Agreement and Policy is a valid subject for fact discovery.

Furthermore, the Developer Agreement and Policy said to be the source of Townsquare's license contains a number of restrictions. Def. Letter Ex. B. The

4

license grant in Section I.B of the Developer Agreement states that it is "[s]ubject to the terms and conditions in this Agreement and the Developer Policy . . . (as a condition to the grant below)." Dkt. No. 22-2 at 8.  The portion of the license grant quoted in Townsquare's letter motion notes that this sublicense allows integration of "Twitter Content," a term that presumably includes the Photograph, "as explicitly approved by Twitter." Def. Letter at 3.  Additionally, the grant permits the copying of "a reasonable amount of" the Twitter Content. *Id.*  These qualifications raise discoverable issues concerning the scope of any explicit approval by Twitter and/or what constitutes "a reasonable amount" of the Twitter Content.

Additionally, Section II of the Developer Agreement contains various restrictions on the use of licensed materials, including its use for targeted advertising outside of the Twitter Applications. Dkt. No. 22-2 at 10–11.  Yang contends that Townsquare's display of the Photograph violated this provision. Pl. Opp. at 3.  The Developer Policy sets forth additional requirements and states, "[p]olicy violations are considered violations of your agreement." *Id.* at 19.  Whether Townsquare complied with Twitter's Developer Agreement and Policy could affect whether it had a valid sublicense, and is a factual question for which discovery is appropriate. *See, e.g., Santiago v. Townsquare Media, Inc.,* No. 24-cv-03851 (RA) (GS), ECF No. 27 (S.D.N.Y. October 4, 2024) (denying similar motion to limit scope of discovery where, *inter alia,* plaintiff disputed whether defendant had a valid sublicense to republish video posted on Youtube).  Townsquare's reply letter notes that the *Santiago* decision involved different contracts with different licensing

5

terms. But these distinctions also highlight the fact-intensive nature of this dispute and the need for discovery.

For these reasons, Townsquare has failed to demonstrate the requisite good cause to limit discovery. Townsquare's motion is denied. The Clerk of Court is respectfully directed to close the motion pending at Dkt. No. 22.

**SO ORDERED.**

Dated: November 7, 2024
New York, NY

_____
Hon. Henry J. Ricardo
United States Magistrate Judge